IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURO GUTIERREZ GUTIERREZ, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>COLETTE PETERS, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 3:25-cv-10<br>Judge Stephanie L. Haines<br>Magistrate Judge Keith A. Pesto |

## **MEMORANDUM ORDER**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Mauro Gutierrez Gutierrez ("Petitioner") (ECF No. 8). Gutierrez is incarcerated at Federal Correctional Institution at Loretto ("FCI-Loretto) and challenges the continued execution of his sentence as he alleges it is not being implemented "in a humane and dignified manner" based on alleged unsatisfactory medical care. (ECF No. 8 ¶¶ 6, 9).

This matter was referred to Magistrate Judge Pesto for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

**A.     Standard of Review**

A petition for a writ of habeas corpus must be promptly screened and is subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254; *see also id.* at Rule 1(b) (applying to Section 2241 petitions). Rule 4 also states that a judge must order the respondent to file an answer only "[i]f the petition is not dismissed...." *Id.* "The language of the rule thus makes clear: where it is plainly apparent from the face of the petition that the petitioner will not prevail, the petition should be dismissed without ordering the respondent to answer." *Santiago Rosario v. Philadelphia Cnty.*, No. CV 19-6017, 2020 WL 8674051, at *1–

1

2 (E.D. Pa. Sept. 24, 2020), *report and recommendation adopted sub nom., Rosario v. Philadelphia Cnty.,* No. 19-CV-6017, 2021 WL 765781 (E.D. Pa. Feb. 26, 2021) (citing *Pritchard v. Wetzel,* No. 13-5406, 2014 WL 199907, at *2 (E.D. Pa. Jan. 16, 2014).

The Advisory Committee Notes to this rule similarly recognize that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Santiago Rosario,* 2020 WL 8674051, at *1–2 (E.D. Pa. Sept. 24, 2020); *see also Ogunlana v. Barraza,* No. 4:22-CV-01854, 2022 WL 17814213, at *1 n.6 (M.D. Pa. Dec. 14, 2022) ("28 U.S.C. § 2254 Rule 1(b) (permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions"); *id.* ("§ 2254 Rule 4 requiring courts to screen habeas petitions and, '[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner'").

Numerous courts within our Circuit have followed this interpretation and have dismissed habeas petitions upon an initial screening. *See, e.g., Shaw v. Wynder,* No. Civ.A. 08–1863, 2008 WL 3887642 (E.D. Pa. Aug. 21, 2008) (dismissing petition without requiring response where claim frivolous); *Craig v. Rozum,* No. Civ.A. 07–5490, 2008 WL 920346 (E.D. Pa. Apr. 2, 2008) (same); *Watson v. Wynder,* No. 2:07-cv-4066, (E.D. Pa. Nov. 27, 2007) (same); *PorteYanes v. Lore,* No. CIV 4:CV–07–1525, 2007 WL 2852385 (M.D. Pa. Sep. 27, 2007) (applying Rule 4 to a § 2241 petition). *See also Allen v. Perini,* 26 Ohio Misc. 149, 424 F.2d 134, 140–41 (6th Cir. 1970) (determining that a reviewing federal habeas court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face. No return is necessary when the petition is frivolous, or obviously lacking in merit, or where, as here, the necessary facts can be determined from the petition itself without need for consideration of a return."). *Alexander v.*

*Corbin*, No. CIV.A. 11-2727, 2011 WL 5340568, at *1 (E.D. Pa. Sept. 28, 2011), *report and recommendation* adopted, No. 11-CV-2727, 2011 WL 5357828 (E.D. Pa. Nov. 3, 2011); *see also, Tice v. Wilson*, No. 1:24-CV-46-RAL, 2024 WL 1771054, at *1 (W.D. Pa. Feb. 29, 2024), *report and recommendation rejected on other grounds*, No. 1:24-CV-46, 2024 WL 1550331 (W.D. Pa. Apr. 10, 2024).

### B. Discussion

Judge Pesto screened Petitioner's Petition and filed a Report and Recommendation (ECF No. 9), which recommends that the Petition be dismissed before service under 28 U.S.C. § 2243. Judge Pesto states that the Petition should be dismissed for failure to exhaust administrative remedies and for lack of subject matter jurisdiction. (ECF No. 9). Petitioner was advised of the fourteen-day time period to object to the Report and Recommendation. (*Id.* at 2); *see* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Petitioner filed Objections to the Report and Recommendation in which he contends that he exhausted his administrative remedies and that his Petition is the appropriate vehicle for his Eighth Amendment claim. (ECF No. 10). Additionally, while the Report and Recommendation was pending, Petitioner corresponded with the Court asking for copies of the docket and Exhibit 4 of his Petition. (ECF No. 11).

Upon review of the record, the Report and Recommendation (ECF No. 9), and Petitioner's Objections (ECF No. 10), and pursuant to Local Civil Rule 72.D.2, the Court will accept the findings and recommendations of the Magistrate Judge in this matter.

In his Objections to the Report and Recommendation, Petitioner contends that he exhausted his administrative remedies. (ECF No. 10 at 1). Petitioner states that this is the case because he filed a BP-8 form and the response to this stated his remedy could be found within the Court, not the Bureau of Prisons ("BOP"). (ECF No. 10 at 1). He further states that, alternatively, "almost

any administrative process with the BOP has become futile and he has no obligation to follow a futile process." (*Id.*). Additionally, he contends that the Court has jurisdiction over his Petition and that it is the proper vehicle for his Eighth Amendment claims. (*Id.* at 1-2).

The Court finds no merit in Plaintiff's objection that he exhausted his administrative remedies. Plaintiff states in his Petition that he filed a BP-8 form at FCI Loretto on December 5, 2024 and that the result of that was a response stating that his "[r]emedy is found in the Court[.]" (ECF No. 8 at 2). He references Exhibit 4 to his Petition, but none of his attached exhibits appear to contain this response. The exhibits attached to his Petition are as follows: a letter to the Clerk of Court asking for information about how to proceed *pro se* and *in forma pauperis* (ECF No. 8-1), an affidavit from Petitioner containing information about the First Step Act and information relevant to Petitioner's Eighth Amendment claim (ECF No. 8-2), a Detainer Action Letter (ECF No. 8-3), and a letter to Immigration and Customs Enforcement ("ICE") requesting a proceeding before an ICE judge. (ECF No. 8-4) (labeled "Exhibit 5"). Petitioner also explains in his Petition that he did not appeal the response to his BP-8 form to a higher agency or court because a "non-response on a BP-8 renders the administrative remedy process unavailable." (ECF No. 8 at 3 (citations omitted)).

The United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to Section 2241 petitions. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citations omitted). The BOP has an internal system whereby federal prisoners can request review of aspects of their imprisonment. *See* 28 C.F.R. §§ 542.10-.19. The process begins with an informal request to staff and progresses to formal review by the warden, appeal to the regional director, and a final appeal to the general counsel. *Id.* §§ 542.13-.15. Failure to exhaust generally precludes habeas review and only in rare circumstances is exhaustion not required. *See Moscato*

*v. Fed Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citations omitted). Here, Petitioner admits that he did not appeal his Petition beyond filing the BP-8 form. (ECF No. 8 at 2). Accordingly, he did not exhaust his administrative remedies.

Further, Petitioner's contention that exhaustion should be excused in his case because the administrative process is futile is without merit. (ECF No. 10 at 1). Petitioner contends that "he has no obligation to follow a futile process." (*Id.* (citing *Accardi v. Shaughnessy*, 347 U.S. 260 (1954)). Petitioner does not provide any substantive argument as to why it would have been futile to pursue administrative remedies and his cited case provides no support for his futility argument.

Likewise, the Court rejects Petitioner's contention that the administrative remedy process was unavailable. (ECF No. 8 at 3). While Petitioner is correct that in certain circumstances the administrative remedy process can be rendered "unavailable," *see, e.g., Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 154 (3d Cir. 2016) (recognizing that exhaustion can be rendered unavailable when officials fail to respond to grievances or appeals within the deadline specified by relevant internal procedures), Petitioner admits here that he received a response to his BP-8 form, specifically that his "[r]emedy is found in the Court[.]" (ECF No. 8 at 2). Accordingly, the Court finds no merit in this objection.

Additionally, the Court rejects Petitioner's objection that his Section 2241 Petition is the appropriate vehicle for his Eighth Amendment claims and that this Court has jurisdiction over his Petition. (ECF No. 10 at 1-2). A petition for writ of habeas corpus allows a person in custody to challenge either the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Federal habeas relief is unavailable unless the petition attacks "the validity of the continued conviction or the fact or length of the

sentence." *Leamer*, 288 F.3d at 542. Under Section 2241, a petitioner may also challenge the "execution" of his sentence. *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005). "[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer*, 288 F.3d at 542.

Here, Petitioner asserts that he is "challenging the BOP's execution of [his] sentence as unlawful due to the blatant cruel and unusual punishment, an Eighth Amendment violation, received at the hands of staff." (ECF No. 8 at 1). He requests that the Court order "the Respondents to show cause within 10 days as to why the[y] should be allowed to further implement a sentence that they are incapable of doing in a humane and dignified manner." (*Id.* at 10).

Petitioner's challenge is not properly brought as a habeas petition and the Court overrules his objection to Judge Pesto's recommendation to dismiss the Petition for lack of subject matter jurisdiction. As Judge Pesto states, it is clear that Petitioner is attempting to litigate conditions of his confinement through a habeas petition, instead of properly doing so in a civil complaint. (ECF No. 9 at 1). Petitioner is clearly attacking the conditions of his confinement, specifically his medical care received while in prison. (ECF No. 8). Petitioner contends that this Court has jurisdiction over his Petition because the BOP is the proper defendant and other courts have found that Section 2241 petitions are appropriate vehicles for Eighth Amendment claims. (ECF No. 10 at 2 (citing *Strong v. Unknown Sanborn*, 2024 U.S. Dist. LEXIS 96659 (6th Cir. 2024); *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016)). Neither of these cited cases provide support of Petitioner's proposition.

For the reasons explained by Judge Pesto in the Report and Recommendation (ECF No. 9), this Court lacks jurisdiction to address Petitioner's Eighth Amendment conditions of confinement

claim in a Section 2241 habeas petition. *See Wragg v. Ortiz*, 462 F. Supp. 3d 476, 503-05 (D.N.J. May 27, 2020) (quoting *Cardona v. Bledsoe*, 681 F.3d 533, 536 (3d Cir. 2012)). If Petitioner wishes to bring a suit about the conditions of his confinement, he may do so in a civil rights action after exhausting the applicable administrative remedies. *See* 42 U.S.C. § 1997e.

Accordingly, Petitioner's Petition is denied. The Court further agrees with Judge Pesto's recommendation to deny leave to amend. The United States Court of Appeals for the Third Circuit instructs that "if a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). Here, as shown above, amendment would be futile because the Court lacks jurisdiction over Petitioner's Petition. An appropriate Order follows.

## ORDER

AND NOW, this ___4th___ day of December, 2025, IT IS ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 9) is adopted as the Court's Opinion for its reasoning and conclusions, as supplemented herein, and;

IT IS FURTHER ORDERED that Petitioner's Objections (ECF No. 10) are overruled, and the Petition for Writ of Habeas Corpus (ECF No. 8) is hereby DENIED.

The Clerk is to mark this case closed.

Stephanie L. Haines
United States District Judge

**Notice by US Mail to:**

Mauro Gutierrez Gutierrez, Reg. No. 89120-408
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630
Pro se